**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Oak Brook Condominium</u>
<u>Owners' Association</u>

    v.                                                                                  Case No. 22-cv-383-JL

<u>Gerard P. Dufresne</u>

**REPORT AND RECOMMENDATION**

Plaintiff Oak Brook Condominium Association ("Oak Brook") sued condominium owner Gerard Dufresne in New Hampshire state court for failure to pay certain condominium expenses.[1] Mr. Dufresne, appearing pro se, subsequently interposed numerous counterclaims and removed the case to this court. Notice of Removal (Doc. No. 1). The case has been referred to the undersigned Magistrate Judge for preliminary review to assess whether Mr. Dufresne has properly invoked this court's subject matter jurisdiction. LR 4.3(d)(3); <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the case."); Fideicosimo de la Tierra del Caño Martin Peña v. Fortuño, 604 F.3d 7, 16 (1st Cir. 2010) ("[O]ur 'obligation to inquire sua sponte into our jurisdiction over the matter' exists in every case." (quoting Doyle v. Huntress, Inc., 419 F.3d 3, 6 (1st Cir.

---

[1] Oak Brook Condo. Owners' Ass'n v. Dufresne, No. 456-2022-cv-00251, 9th Cir., Dist. Div., Manchester (filed Aug. 17, 2022)

1

2005))). As the removing party, Mr. Dufresne "bears the burden of persuasion vis-à-vis the existence of federal jurisdiction . . . ." López-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1, 9 (1st Cir. 2014) (quoting BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 831 (1st Cir. 1997)).

### Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The plaintiff has the burden to establish the court's jurisdiction. Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

To invoke this court's subject matter jurisdiction, a plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. See id. at § 1332(b).

A. Diversity Jurisdiction

As both parties appear to be citizens of New Hampshire, see state court complaint (Doc. No. 3) ¶¶ 1-2, the case cannot proceed in this court under diversity jurisdiction. Moreover, 28 U.S.C. § 1441(b)(2) "prohibits removal based on diversity jurisdiction when the defendant is at home in the forum state," Exro Techs., Inc. v. ePropelled, Inc., No. CV 22-10344-LTS, 2022 WL 2387885, at *1 (D. Mass. Apr. 27, 2022). Mr. Dufresne's New Hampshire residency therefore defeats diversity jurisdiction.

B. Federal Question Jurisdiction

Mr. Dufresne's counterclaim alleges that Oak Brook and six other counterclaim defendants who were not plaintiffs in the original state court suit committed numerous violations of the United States Constitution and various federal laws. The court need not examine the bona fides of these legal claims because under "the well-pleaded complaint rule," the "plaintiff is master of his complaint," and "a case cannot be removed if the complaint's allegations are premised only on local law." López-Muñoz, 754 F.3d at 4 (cleaned up); see also Vaden v. Discover Bank, 556 U.S. 49, 54 (2009) (federal court jurisdiction "cannot be invoked on the basis of a defense or counterclaim").

This case, filed initially in the state circuit court, arises entirely under New Hampshire law. See Complaint (Doc. No. 3) (citing N.H. Rev. Stat. Ann. §§ 356-B:15, 45 & 46).

There is no federal claim in the state court case that could provide grounds for exercising federal question jurisdiction over this matter. See Fed. Nat'l Mortg. Ass'n v. Tompson, No. 17-cv-699-SM, 2018 WL 2426638, at *3 (D.N.H. May 21, 2018). Nor has Mr. Dufresne indicated that resolution of Oak Brook's claim would require the court to address an "embedded question of federal law that is both substantial and disputed." R.I. Fishermen's All., Inc. v. R.I. Dep't Of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009).[2] Accordingly, the court finds that Mr. Dufresne has failed to establish federal question jurisdiction.

## Conclusion

For the foregoing reasons, the district judge should remand this action to the Circuit Court, 9th Circuit, District Division, Manchester, because this court lacks subject matter jurisdiction. In addition, the district judge should deny Mr. Dufresne's motion to add parties (Doc. No. 2) and motion to amend (Doc. No. 4), and Oak Brook's motion to remand (Doc. No. 6) as moot.

---

[2] Many of Mr. Dufrene's counterclaims are premised on alleged violations of criminal law, for which there is no private right of action for enforcement. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                  _____
                                                  Andrea K. Johnstone
                                                  United States Magistrate Judge

October 25, 2022

cc:   Gerard Dufresne, pro se
      Michael R. Feniger, Esq.
      Bethany P. Minich, Esq.